### Ed Crow v. The State.

No. 2922. Decided November 2, 1904.

**Burglary—Misconduct of Jury—Absence of Statement of Facts.**

Where one of the jurors stated to his fellows, after the jury had retired to find a verdict on a charge against defendant for burglary, that he did not like defendant's morals and intimated, if he did not say, that defendant was connected with a thieving gang, whom the citizens were prosecuting by making up a purse, etc., it is ground for reversal; even in the absence of a statement of facts, where the charge showed that the case was one of circumstantial evidence and the defendant had testified.

Appeal from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

No statement required.

*Culp & Giddings,* for appellant.— This court has held that when the jury had heard other evidence after they retired defendant's right to a new trial is mandatory. This is statutory. Mitchell v. State, 36 S. W. Rep., 456; also Darter v. State, 44 S. W. Rep., 850, and authorities cited.

*Howard Martin,* Assistant Attorney-General, for the State.— There is no statement of facts in the record. There is but one assignment of error presented. It complains of the action of the jury in conin the jury room. The State submits that this assignment cannot be considered in the absence of a statement of facts, for the reason that the testimony might so overwhelmingly show appellant's guilt, that this conduct of the jury would not constitute reversible error inasmuch as he received the lowest penalty. And again, for ought the record shows this testimony might have been introduced on the trial of the case without objection. If this precise question has ever been decided by this court counsel is not aware of it.

By the above argument the State does not mean to concede that with a statement of facts reversible error is shown in this conduct of the

jury. It was a question of fact which the court heard on motion for new trial and decided it adversely to appellant, and the State submits that this finding should not be disturbed by this court, unless it clearly appears that he decided it against the great preponderance of the evidence.

DAVIDSON, PRESIDING JUDGE.—Burglary conviction, penalty assessed being two years confinement in the penitentiary.

Misconduct of the jury is the principal ground relied on for reversal. After the jury retired they stood seven for acquittal and five for conviction. Juror Bell stated he did not know why he was taken on the jury; that he and defendant lived in the same neighborhood; liked his family but did not like defendant's morals and had refused appellant permission to visit his house. He further stated that the good citizens of the immediate community where the crime was committed, contributed five dollars each to prosecute horse thieves, and referred to the Luther Browder case, which seems to have been a case of some notoriety from that section. Juror Bell testified that he had told the jury that defendant worked for a man in his neighborhood last year; that he did not like defendant's morals, and about the purse being made up to catch horsethieves, though he does not remember whether he said Crow belonged to the Browder gang. The jurors testifying state practically the same thing, and were not certain whether Bell connected defendant with the Browder gang. The juror Dills swore that Bell stated while he did not himself suspect defendant of belonging to Browder's gang, the good citizens of that community did suspect him and did so believe. However, Bell states he voted originally for the acquittal of appellant; but Williams, one of the jurors states Bell was not for acquittal. These matters were discussed several times pending the deliberation of the jury. From the charge of the court this case was one of circumstantial evidence; though the facts are not before us. However, this issue was submitted by the court to the jury. It is also evident from the charge of the court that defendant testified in his own behalf, because it limits certain evidence introduced to affect defendant's credibility as a witness. This statement of the witness Bell as to defendant, would have been inadmissible testimony if offered on the trial, and must have evidently had effect upon the jury if the statement is true that seven voted originally for acquittal and only five for conviction. We do not believe the conviction should be permitted to stand where the conduct of the jury is such as the facts show this to have been. Mitchell v. State, 36 S. W. Rep., 456; Darter v. State, 44 S. W. Rep., 850. The judgment is reversed and the cause remanded.

*Reversed and remanded.*